**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALISANDRO MARTINEZ,

    Plaintiff,

v.

AGNIESZKA J. ZIEBA, DANNY J.
FLEISCHHACKER, PAUL M. SEDLACEK,
CURRENTLY UNKNOWN JOHN DOES,
1-5 and THE CITY OF CHICAGO,

    Defendants.

CASE NO.  1:20-cv-02890

Jury Trial Demanded

**COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, ALISANDRO MARTINEZ, by and through his attorney, James C. Vlahakis and complaining against the named Defendants, assesrts the following civil action relative to the violation of Plaintiff's civil rights occurred while in the custody of the named Defendants:

## I. JURISDICTION, PARTIES AND VENUE

1.    This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations committed against Plaintiff ALISANDRO MARTINEZ ("Plaintiff").

2.    Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental

jurisdiction of the State of Illinois.

3.    At all relevant times, Plaintiff was a United States Citizen and resident of the State of Illinois.

4.      The actions complained of took place within the City of Chicago and this judicial district.

5.      Defendants Agnieszka J. Zieba, Danny J. Fleischhacker, Paul M. Sedlacek and the John Doe Defendants 1-5 (at times "Defendants") were employed by the City of Chicago as police officers during the events in question.

6.      The John Doe Defendants 1-5, are currently unknown City of Chicago Police Officers who were on the scene of the events in question, but their names are no reflected in the universe of records currently known to Plaitiff.

## II.      **FACTUAL ALLEGATIONS**

7.      On May 12, 2019, Defendants encountered Plaintiff in response to a purported "O.E.M.C. call" at the location of Lavergne and Arthington in the City of Chicago.

8.      After paramedics administered to Plaintiff, one or more of the Defendants repeatedly battered Plaintiff on his face and forehead with a flashlight and a closed fist.

9.      The unjustified battery immediately injured Plaintiff, broke the skin above Plaintiff's nose and left a permanent scar.

10.      When Plaintiff was battered, he was defenseless, having been previously restrained on an ambulance gurney.

11.      The above described battery was unjustified and constituted excessive force under the circumstances.

12.      To the extent one or more of the Defendants did not strike Plaintiff, they had the opportunity to intervene to prevent the Defendant or Defendants who struck Plaintiff without justification.

13.      Plaintiff suffered pain, emotional distress and permanent scaring as a result of the unjustified and excessive use of force.

14.     The CITY OF CHICAGO is a statutory municipal corporation and the employer of the Defendants.

**COUNT I - <u>EXCESSIVE FORCE PURSUANT TO 42 USC § 1983</u>**

15.     The Plaintiff ALISANDRO MARTINEZ realleges and incorporates his above allegations into Count I as though fully set forth herein.

16.     The above described actions of the Defendants were intentional, willful, wanton and otherwise unjustified.

17.     During the above described events, each Defendant was acting within the scope of their employment and under color of law.

18.     The above described actions of the Defendants violated Plaintiff's constitutional right to be free of excessive force as enforced and protected by 42 U.S.C. § 1983, the Fourth Amendment and the Fourteenth Amendment.

19.     As a result of the actions of the Defendants, Plaintiff suffered extreme pain and suffering, economic and non-economic losses, emotional distress, fear and loss of enjoyment of life, and permanent debilitating injuries.

**WHEREFORE**, Plaintiff ALISANDRO MARTINEZ prays for judgment against Defendants Agnieszka J. Zieba, Danny J. Fleischhacker Paul M. Sedlacek and John Doe Defendants 1-5, and in particular seeks:

**a.** compensatory damages;

**b.** punitive damages, and

**c.** reasonable attorney's fees and costs.

**COUNT II – <u>FALSE ARREST PURSUANT TO 42 USC § 1983</u>**

20.     Plaintiff ALISANDRO MARTINEZ re-alleges and incorporates his above allegations as though fully set forth herein.

21.     One or more of the Defendants caused Plaintiff to be restrained without probable cause and otherwise against his will.

22.     These actions constituted an unlawful seizure and false arrest and violated Plaintiff's constitutional right protected by 42 U.S.C. § 1983 and the Constitution.

23.     The actions of the Defendants was intentional and constituted a willful and wanton disregard for Plaintiff's civil rights.

24.     The actions taken by the Defendants in restraining and otherwise falsely arresting Plaintiff allowed him to be unlawfully battered by one or more of the Defendants.

25.     As a result of these acts, Plaintiff suffered extreme pain and suffering, economic and non-economic losses, emotional distress, fear and loss of enjoyment of life, and permanent debilitating injuries.

**WHEREFORE**, Plaintiff ALISANDRO MARTINEZ prays for judgment against Defendants Agnieszka J. Zieba, Danny J. Fleischhacker Paul M. Sedlacek and John Doe Defendants 1-5, and in particular seeks:

**a.** compensatory damages;

**b.** punitive damages, and

**c.** reasonable attorney's fees and costs.

**COUNT III - FAILURE TO INTERVENE PURSUANT TO 42 USC § 1983**

26.     Plaintiff ALISANDRO MARTINEZ re-alleges and incorporates his above allegations as though fully set forth herein.

27.     One or more of the Defendants failed to intervene to protect Plaintiff from being subjected to excessive force and false arrest at the hands of a fellow officer.

28. Each Defendant that did not batter Plaintiff had a legal duty and obligation to intervene to prevent Plaintiff from being unjustifiably battered by his/her fellow officers.

29. Each Defendant that did not unlawfully restrain and/or falsely arrest Plaintiff had a legal duty and obligation to intervene to prevent Plaintiff from being unjustifiably restrained and/or falsely arrested by his/her fellow officers.

30. Defendant or Defendants' failure to intervene was intentional and exhibited a willful and wanton disregard for Plaintiff's safety.

31. The actions of the Defendant or Defendants that failed to intervene to protect Plaintiff violated Plaintiff's constitutional right to be free of excessive force and false arrest as enforced and protected by 42 U.S.C. § 1983, the Fourth Amendment and the Fourteenth Amendment.

32. As a result of these acts, Plaintiff suffered extreme pain and suffering, economic and non-economic losses, emotional distress, fear and loss of enjoyment of life, and permanent debilitating injuries.

**WHEREFORE**, Plaintiff ALISANDRO MARTINEZ prays for judgment against Defendants Agnieszka J. Zieba, Danny J. Fleischhacker Paul M. Sedlacek and John Doe Defendants 1-5, and in particular seeks:

**a.** compensatory damages;

**b.** punitive damages, and

**c.** reasonable attorney's fees and costs.

## COUNT IV – BATTERY – IN VIOLATION OF ILLINOIS LAW

64. Plaintiff ALISANDRO MARTINEZ re-alleges and incorporates his above allegations as though fully set forth herein.

65.     The actions of the Defendants who struck Plaintiff constitutes the tort of battery under Illinois Law.

66.     As a result of the above described unlawful actions of the Defendants, Plaintiff suffered extreme pain and suffering, economic and non-economic losses, emotional distress, fear and loss of enjoyment of life, and permanent debilitating injuries.

**WHEREFORE**, Plaintiff ALISANDRO MARTINEZ prays for judgment against Defendants Agnieszka J. Zieba, Danny J. Fleischhacker Paul M. Sedlacek and John Doe Defendants 1-5, and in particular seeks:

**a.** compensatory damages;

**b.** punitive damages, and

**c.** reasonable attorney's fees and costs.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS –

67.     Plaintiff ALISANDRO MARTINEZ re-alleges and incorporates his above allegations as though fully set forth herein.

68.     The actions of the Defendants constitute the tort of Intentional Infliction of Emotional Distress in violation of Illinois law.

69.     As a result of the above described unlawful actions of the Defendants, Plaintiff suffered extreme pain and suffering, economic and non-economic losses, emotional distress, fear and loss of enjoyment of life, and permanent debilitating injuries.

**WHEREFORE**, Plaintiff ALISANDRO MARTINEZ prays for judgment against Defendants Agnieszka J. Zieba, Danny J. Fleischhacker Paul M. Sedlacek and John Doe Defendants 1-5, and in particular seeks:

**a.** compensatory damages;

**b.** punitive damages, and

**c.** reasonable attorney's fees and costs.

### COUNT VI – FALSE ARREST – IN VIOLATION OF ILLINOIS LAW

70.     Plaintiff ALISANDRO MARTINEZ re-alleges and incorporates his above allegations as though fully set forth herein.

71.     The actions of the Defendants who restrained Plaintiff committed the tort of false arrest.

72.     As a result of the above described unlawful actions of the Defendants, Plaintiff suffered extreme pain and suffering, economic and non-economic losses, emotional distress, fear and loss of enjoyment of life, and permanent debilitating injuries.

**WHEREFORE**, Plaintiff ALISANDRO MARTINEZ prays for judgment against Defendants Agnieszka J. Zieba, Danny J. Fleischhacker Paul M. Sedlacek and John Doe Defendants 1-5, and in particular seeks:

**a.** compensatory damages;

**b.** punitive damages, and

**c.** reasonable attorney's fees and costs.

### COUNT VII – INDEMNIFICATION vs. CITY OF CHICAGO

66.     Plaintiff ALISANDRO MARTINEZ re-alleges and incorporates his above allegations as though fully set forth herein.

67.     Illinois law provides that public entities are directed to pay any compensator tort judgment for damages for which employees are liable within the scope of their employment activities.

\                                                  7

68.     All the Defendants (including the John Doe Defendants) are or were employees of the City of Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

69.     Pursuant to Illinois law, should any of the Defendants be found liable for the acts alleged above, THE CITY OF CHICAGO would be required to pay the Plaintiff for any judgment obtained against any of the Defendants.

**WHEREFORE,** ALISANDRO MARTINEZ prays and requests that should any of the Defendants be found liable for the acts alleged above, THE CITY OF CHICAGO would be liable to pay the Plaintiff for judgment obtained against Defendants Agnieszka J. Zieba, Danny J. Fleischhacker Paul M. Sedlacek and John Doe Defendants 1-5, including all amounts awarded for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

### **JURY DEMAND**

Plaintiff ALISANDRO MARTINEZ hereby requests a trial by jury.


Respectfully submitted,

*/s/ James C. Vlahakis*

James C. Vlahakis
Sulaiman Law Group, LTD.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
630-575-8188
jvlahakis@sulaimanlaw.com